```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RAFAEL VERDEJO,                                             :
                                                            :
                              Plaintiff,                    :   ORDER
                                                            :
                -against-                                   :   08 Civ. 1950 (BMC) (LB)
                                                            :
NORTH SHORE ASSOCIATES and                                  :
NEW YORK CITY HOUSING AUTHORITY,                            :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on the Report and Recommendation of Magistrate Judge Lois Bloom, a copy of which is annexed hereto. The case had been referred to Judge Bloom to make a recommendation on defendants' motion to dismiss. She recommended that the case be dismissed based on a stipulation of dismissal signed by defendants and plaintiff's court-appointed guardian, the Jewish Services for the Aged ("JASA"). The guardianship order was obtained from the Supreme Court, Richmond County, on petition of the New York City Commissioner of Social Services. Plaintiff *pro se* has filed a document seeking reconsideration of that Report and Recommendation, which the Court deems to be objections to that opinion.

The thrust of plaintiff's objections is that Justice Giacobbe, who specifically vested JASA with control over litigation involving plaintiff under N.Y. Mental Hygiene Law §81, is part of the conspiracy against him. Plaintiff asserts that he does not need a guardian and that if he did, his family members could serve.

As Judge Bloom tried patiently to explain to plaintiff, this Court has no power to reverse Justice Giacobbe's guardianship order. If plaintiff is correct that the guardian was improperly appointed under state law, his remedy is to seek to vacate the appointment in the Supreme Court, Richmond County, and if that is unsuccessful, then to appeal that denial to the Appellate Division of the Supreme Court, Richmond County.

Plaintiff needs to understand that both this Court and Judge Bloom have indeed reviewed his claims of conspiracy and fraud. Those claims are not being ignored, nor are they being rejected. The problem is that as long as there is a court-appointed guardian, this Court can consider those claims only if the guardian consents to having them heard here.

Accordingly, the objections are overruled; the Report and Recommendation is adopted; and the complaint is dismissed on the stipulation of plaintiff's guardian and the defendants. Defendants' motion to dismiss is denied as moot.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
April 24, 2009